UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRI CHURCH PARISH,

                    Plaintiff,

        -vs-

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                    Defendant.

---

**ECF CASE**

**PETITION FOR REMOVAL**
**BY DEFENDANT**

Civ. Action No.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, defendant in the above-captioned matter, for purposes of removing this action from the Supreme Court of the State of New York, County of Chautauqua, in which it is now pending, to the United States District Court, Western District of New York, respectfully states, shows and petitions to the Court as follows:

        1.      State Court Action.  This is an action originally filed on or about October 30, 2015, in New York State Supreme Court, County of Chautauqua, Index No. K12015-1366, being a suit originally entitled and styled as *Tri Church Parish, Plaintiff, v. Philadelphia Indemnity Insurance Company, Defendant*.  A copy of the original summons and complaint filed with the Chautauqua County Clerk's Office is annexed hereto as **Exhibit A**.  The state court action was filed and venued in Chautauqua County, New York, within this Court's territorial jurisdiction.

        2.      Federal Jurisdiction.  Upon information and belief and as alleged in the complaint, the plaintiff has a principal place of operation in the State of New York.

Defendant Philadelphia Indemnity Insurance Company ("Philadelphia"), is incorporated in the State of Pennsylvania with its headquarters and principal place of business in the State of Pennsylvania.  Further, upon belief and information and as alleged by the complaint, the amount in controversy is claimed to exceed $75,000.00, exclusive of interest and costs.  Indeed, the plaintiff's complaint seeks judgment "in an amount to be determined at trial but, in no event, less than $1,000,000 plus interest." See Exhibit A. Accordingly, this Court has original jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a), and this civil action is one which may be removed pursuant to 28 U.S.C. § 1441.

1.  Timeliness of Removal Petition.  The summons and complaint were served on Philadelphia on March 11, 2016, as shown by the acknowledgements of service of the New York State Department of Financial Services collectively attached hereto as **Exhibit B.**  As such, removal of this action is timely under 28 U.S.C. § 1446(b), as made within 30 days of service.

2.  Relief Requested.  Philadelphia respectfully requests that the United States District Court, Western District of New York accept this Petition for Removal, remove this case and action from the New York Supreme Court, County of Chautauqua and take and assume jurisdiction over this matter and issue such further orders and processes as may be necessary to the trial and conclusion thereof.  This Petition for Removal is submitted and filed without waiver of procedural or substantive defenses which are or may become available to Philadelphia.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

DATED:    Buffalo, New York
           April 6, 2016

                                        s/Eric T. Boron
                                        Eric T. Boron, Esq.
                                        MURA & STORM, PLLC
                                        *Attorneys for Defendant*
                                        930 Rand Building
                                        14 Lafayette Square
                                        Buffalo, New York 14203
                                        (716) 855-2800
                                        eric.boron@muralaw.com

cc:     Charles C. Ritter, Jr., Esq.
         DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP
         *Attorneys for Plaintiff*
         701 Seneca Street, Suite 750
         Buffalo, New York 14210
         (716) 855-1111

MURA & STORM, PLLC ● 930 RAND BUILDING ● 14 LAFAYETTE SQUARE ● BUFFALO, NEW YORK 14203
(716) 855-2800 ● FAX (716) 855-2816

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT:  COUNTY OF CHAUTAUQUA

TRI CHURCH PARISH
41 E. Main Street
Brocton, New York  14716

                    Plaintiff,

           v.                                    **SUMMONS**

PHILADELPHIA INDEMNITY INSURANCE COMPANY     Index No. K12015-1366
One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania  19004

                                    Defendant.

*Supt of Insurance*
*99 Washington Ave*

**TO THE ABOVE NAMED DEFENDANTS:**

          YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon Plaintiffs'

attorney, at the address stated below, a written Answer to the attached Complaint.  If this

Summons is served upon you within New York State by personal service you must respond

within TWENTY (20) days after service, not counting the day of service.  If this Summons is not

personally delivered to you within New York State you must respond within THIRTY (30) days

after service is completed, as provided by law.  If you do not respond to the attached Complaint

within the applicable time limitation stated above a judgment will be entered against you by

default for the relief demanded in the Complaint, together with the costs and disbursements of

this action, without further notice to you.

DATED:   October 30, 2015          DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP
         Buffalo, New York

                    By:

                          Charles C. Ritter, Jr.
                          *Attorneys for Plaintiff*
                          701 Seneca Street, Suite 750
                          Buffalo, New York 14210
                          Tel.: (716) 855-1111

STATE OF NEW YORK
SUPREME COURT:  COUNTY OF CHAUTAUQUA

---

**TRI CHURCH PARISH**

Plaintiff,

v.

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

Defendant.

**·COMPLAINT**

Index No. K|2015-1366

---

     Plaintiff, by and through its attorneys, Duke, Holzman, Photiadis & Gresens LLP, as and for its Complaint against the Defendant State Farm Fire and Casualty Company, states and alleges as follows:

<u>PARTIES</u>

    1.    Tri Church Parrish ("Plaintiff" or "TCP") has a principal place of operation located at 41 East Main Street, Brocton. New York.

    2.    Upon information and belief, defendant Philadelphia Indemnity Insurance Company ("Defendant" or "PIIC") was and is an insurance company duly authorized to transact insurance business in the State of New York.

    3.    At all relevant times, Plaintiff owned improved real property located at 41 East Main Street as well as 35 East Main Street, Brocton. New York (the "Premises").

    4.    At all relevant times, Plaintiff operated a church and related facilities at the Premises.

    5.    PIIC issued and delivered to Plaintiff an insurance policy bearing policy number PHPK 888548 (the "Policy").

2

6.      The Policy covered losses occurring between February 1, 2012 and January 1, 2014

7.      The Policy was issued in consideration of a premium that was paid to, received by, and retained by PIIC.

8.      Plaintiff is identified in the Policy as the "named insured."

9.      The Policy provides Plaintiff with insurance against a fire loss, including for the repair and replacement cost of the Premises, the actual cash value of the Premises, and business property and contents at the Premises, among other coverages.

10.     On or about November 3, 2013, the Premises and the contents therein were severely damaged by fire (the "Loss").

11.     The fire constituted an occurrence and covered loss under the Policy.

12.     The Policy provides coverage for the Loss.

13.     PIIC acknowledged coverage and has provided Plaintiff advance payments for the Loss.

14.     Plaintiff identified, with the assistance of its public adjuster, damage claims to PIIC for actual cash value and replacement cost benefits, among others, totaling more than $3,000,000.

15.     PIIC has provided a partial payment of actual cash value benefits, but failed to pay additional actual cash value amounts due and owing for damage to the structures and contents.

16.     Plaintiff has notified PIIC of a claim for replacement cost benefits, and tendered a set of plans/design for a new church and related facilities proposed for construction at the Premises.

3

17. PIIC has not disapproved, questioned and/or disputed the plans/design for a new church and related facilities.

18. PIIC, through its silence and inaction, has acknowledged, consented to and agreed that the plans/design for a new church reflect a structure the cost of which is fully covered under the replacement cost provisions of the Policy.

19. PIIC has failed to take any action on the claim for replacement costs benefits.

20. PIIC has failed to provide any further payments for the Loss, and there exists a dispute as to the failure to pay actual cash value and replacement cost benefits owed to Plaintiff.

21. PIIC has conducted multiple examinations under oath, requested a large volume of documents and other information from Plaintiff and claims that it is continuing to investigate the Loss. PIIC's investigation and handling of the loss has been dilatory.

22. PIIC's dilatory investigation tactics have extended the period of time that Plaintiff has been without the funds to rebuild.

23. It has been almost two years since the date of the fire. PIIC has failed to pay actual cash value benefits that are owed, and failed to approve or even comment on Plaintiff's submitted plants for reconstruction.

24. Defendant has delayed a coverage resolution under the guise of a continued evaluation of the claim.

25. PIIC's continued delay amounts to action that no reasonable insurance carrier would take.

26. PIIC had a duty to investigate Plaintiff's claim in good faith.

27. PIIC had a duty to evaluate Plaintiff's claim honestly and promptly.

28. PIIC's continuing delay amounts to bad faith.

4

29.   PIIC's representations that it was continuing to investigate and evaluate Plaintiff's claims were knowingly false.

30.   PIIC's dilatory actions and failure to pay the Loss pursuant to the terms of the Policy have been unreasonable and in bad faith.

31.   PIIC's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment of the insurance benefits they are entitled to.

32.   PIIC breached its duty and obligation of good faith and fair dealing in its handling of the Loss.

33.   It was foreseeable both at the time the Policy was issued and renewed that the failure to promptly pay the coverage and benefits provided for would negatively and adversely affect Plaintiff and its assets.

34.   Plaintiff has been damaged by PIIC's wrongful conduct, including that it has not received benefits owed under the Policy and it has sustained foreseeable extra-contractual damages, including consequential damages, attorneys' fees and litigation related expenses.

35.   As a result of PIIC's breach and unreasonable/dilatory conduct, Plaintiff has been damaged and is entitled to judgment against PIIC in an amount to be determined at trial but, in no event, less than $1,000,000 plus interest.


**WHEREFORE,** Plaintiff demands judgment against defendant PIIC as follows:

1. Determining that the Loss was a covered loss under the Policy;

2. Determining that Defendant is obligated to provide coverage for the entire Loss, including actual cash value and replacement cost benefits for the structure and

contents, and directing Defendant to participate in appraisal to determine the amount of the Loss,

3.  Awarding a money judgment in an amount **(a)** for the Loss and other covered damages suffered by Plaintiffs in an amount to be determined at trial of not less than $1,000,000 plus interest, and **(b)** for the extra-contractual consequential damages, attorneys' fees and litigation expenses incurred by Plaintiff as a result of Defendant's unreasonable, bad faith, and dilatory tactics in an amount to be determined at trial.

4.  For such other and further relief as this Court deems just and proper.

Dated: October 30, 2015

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP

By:_____

Charles C. Ritter, Jr.
*Attorneys for Plaintiff*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Telephone: (716) 855-1111

6

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
03/17/2016
CT Log Number 528834502

**TO:**     Scott Yurko
            Tokio Marine Specialty Insurance Company
            One Bala Plaza, Suite 402
            Bala Cynwyd, PA 19004-

**RE:**     **Process Served in New York**

**FOR:**    Philadelphia Indemnity Insurance Company  (Domestic State: PA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tri Church Parish, Pltf. vs. Philadelphia Indemnity Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Chautauqua County: Supreme Court, NY<br>Case # K120151366 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 03/17/2016 postmarked on 03/14/2016 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Charles C. Ritter, Jr.<br>Duke, Holzman, Photiadis & Gresens LLP<br>701 Seneca Street, Suite 750<br>Buffalo, NY 14210<br>716-855-1111 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/17/2016, Expected Purge Date: 03/22/2016<br><br>Image SOP<br><br>Email Notification, Nora Howard  nhoward@phlyins.com<br><br>Email Notification, Scott Yurko  scott.yurko@tmnas.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011<br>212-590-9070 |

Page 1 of  1 / DJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

TATE
ENT *of*
L SERVICES
RCE PLAZA
12257

03/14/2018
US POSTAGE    **$01.20**

ZIP 12257
041L12202450

CT Corporation System
Philadelphia Indemnity Insurance
Company
111 Eighth Avenue
New York NY 10011



NEW YORK STATE
# DEPARTMENT of
# FINANCIAL SERVICES

| | |
|---|---|
| Andrew M. Cuomo<br>Governor | Maria T. Vullo<br>Acting Superintendent |

STATE OF NEW YORK

Supreme Court, County of CHAUTAUQUA

.......................................................................................................................................

K12015-1366

Tri Church Parish                                            Plaintiff(s)

                              against

                                                              Defendant(s)

Philadelphia Indemnity Insurance Company

.......................................................................................................................................

RE :Philadelphia Indemnity Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on March 11, 2016 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

> Duke, Holzman, Photiadis & Gresens LLP
> Charles C. Ritter, Jr.
> 701 Seneca Street
> Suite 750
> Buffalo, New York 14210

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

> CT Corporation System
> Philadelphia Indemnity Insurance Company
> 111 Eighth Avenue
> New York, New York 10011

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, March 11, 2016
567799

STATE OF NEW YORK
SUPREME COURT: COUNTY OF CHAUTAUQUA

TRI CHURCH PARISH
41 E. Main Street
Brocton, New York  14716

                              Plaintiff,

            v.                                        **SUMMONS**

PHILADELPHIA INDEMNITY INSURANCE COMPANY      Index No. K[2015-1366]
One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania  19004

_Supt of Insurance_                  Defendant.
_99 Washington Ave_

TO THE ABOVE NAMED DEFENDANTS:

            YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon Plaintiffs'

attorney, at the address stated below, a written Answer to the attached Complaint.  If this

Summons is served upon you within New York State by personal service you must respond

within TWENTY (20) days after service, not counting the day of service.  If this Summons is not

personally delivered to you within New York State you must respond within THIRTY (30) days

after service is completed, as provided by law.  If you do not respond to the attached Complaint

within the applicable time limitation stated above a judgment will be entered against you by

default for the relief demanded in the Complaint, together with the costs and disbursements of

this action, without further notice to you.

DATED:   October 30, 2015          DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP
         Buffalo, New York

                                   By:

                                        Charles C. Ritter, Jr.
                                        *Attorneys for Plaintiff*
                                        701 Seneca Street, Suite 750
                                        Buffalo, New York 14210
                                        Tel.: (716) 855-1111

STATE OF NEW YORK
SUPREME COURT: COUNTY OF CHAUTAUQUA

TRI CHURCH PARISH

                              Plaintiff,

        v.                                        **COMPLAINT**

PHILADELPHIA INDEMNITY INSURANCE COMPANY     Index No. K12015-1366

                              Defendant.

        Plaintiff, by and through its attorneys, Duke, Holzman, Photiadis & Gresens LLP, as and

for its Complaint against the Defendant State Farm Fire and Casualty Company, states and

alleges as follows:

                              **PARTIES**

        1.      Tri Church Parrish ("Plaintiff" or "TCP") has a principal place of operation

located at 41 East Main Street, Brocton. New York.

        2.      Upon information and belief, defendant Philadelphia Indemnity Insurance

Company ("Defendant" or "PIIC") was and is an insurance company duly authorized to transact

insurance business in the State of New York.

        3.      At all relevant times, Plaintiff owned improved real property located at 41 East

Main Street as well as 35 East Main Street, Brocton. New York (the "Premises").

        4.      At all relevant times, Plaintiff operated a church and related facilities at the

Premises.

        5.      PIIC issued and delivered to Plaintiff an insurance policy bearing policy number

PHPK 888548 (the "Policy").

                                        2

6.     The Policy covered losses occurring between February 1, 2012 and January 1, 2014

7.     The Policy was issued in consideration of a premium that was paid to, received by, and retained by PIIC.

8.     Plaintiff is identified in the Policy as the "named insured."

9.     The Policy provides Plaintiff with insurance against a fire loss, including for the repair and replacement cost of the Premises, the actual cash value of the Premises, and business property and contents at the Premises, among other coverages.

10.    On or about November 3, 2013, the Premises and the contents therein were severely damaged by fire (the "Loss").

11.    The fire constituted an occurrence and covered loss under the Policy.

12.    The Policy provides coverage for the Loss.

13.    PIIC acknowledged coverage and has provided Plaintiff advance payments for the Loss.

14.    Plaintiff identified, with the assistance of its public adjuster, damage claims to PIIC for actual cash value and replacement cost benefits, among others, totaling more than $3,000,000.

15.    PIIC has provided a partial payment of actual cash value benefits, but failed to pay additional actual cash value amounts due and owing for damage to the structures and contents.

16.    Plaintiff has notified PIIC of a claim for replacement cost benefits, and tendered a set of plans/design for a new church and related facilities proposed for construction at the Premises.

3

17.   PIIC has not disapproved, questioned and/or disputed the plans/design for a new church and related facilities.

18.   PIIC, through its silence and inaction, has acknowledged, consented to and agreed that the plans/design for a new church reflect a structure the cost of which is fully covered under the replacement cost provisions of the Policy.

19.   PIIC has failed to take any action on the claim for replacement costs benefits.

20.   PIIC has failed to provide any further payments for the Loss, and there exists a dispute as to the failure to pay actual cash value and replacement cost benefits owed to Plaintiff.

21.   PIIC has conducted multiple examinations under oath, requested a large volume of documents and other information from Plaintiff and claims that it is continuing to investigate the Loss.  PIIC's investigation and handling of the loss has been dilatory.

22.   PIIC's dilatory investigation tactics have extended the period of time that Plaintiff has been without the funds to rebuild.

23.   It has been almost two years since the date of the fire.  PIIC has failed to pay actual cash value benefits that are owed, and failed to approve or even comment on Plaintiff's submitted plants for reconstruction.

24.   Defendant has delayed a coverage resolution under the guise of a continued evaluation of the claim.

25.   PIIC's continued delay amounts to action that no reasonable insurance carrier would take.

26.   PIIC had a duty to investigate Plaintiff's claim in good faith.

27.   PIIC had a duty to evaluate Plaintiff's claim honestly and promptly.

28.   PIIC's continuing delay amounts to bad faith.

4

29.     PIIC's representations that it was continuing to investigate and evaluate Plaintiff's claims were knowingly false.

30.     PIIC's dilatory actions and failure to pay the Loss pursuant to the terms of the Policy have been unreasonable and in bad faith.

31.     PIIC's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment of the insurance benefits they are entitled to.

32.     PIIC breached its duty and obligation of good faith and fair dealing in its handling of the Loss.

33.     It was foreseeable both at the time the Policy was issued and renewed that the failure to promptly pay the coverage and benefits provided for would negatively and adversely affect Plaintiff and its assets.

34.     Plaintiff has been damaged by PIIC's wrongful conduct, including that it has not received benefits owed under the Policy and it has sustained foreseeable extra-contractual damages, including consequential damages, attorneys' fees and litigation related expenses.

35.     As a result of PIIC's breach and unreasonable/dilatory conduct, Plaintiff has been damaged and is entitled to judgment against PIIC in an amount to be determined at trial but, in no event, less than $1,000,000 plus interest.


WHEREFORE, Plaintiff demands judgment against defendant PIIC as follows:

1.  Determining that the Loss was a covered loss under the Policy;

2.  Determining that Defendant is obligated to provide coverage for the entire Loss, including actual cash value and replacement cost benefits for the structure and

contents, and directing Defendant to participate in appraisal to determine the amount

of the Loss,

3. Awarding a money judgment in an amount **(a)** for the Loss and other covered

damages suffered by Plaintiffs in an amount to be determined at trial of not less than

$1,000,000 plus interest, and **(b)** for the extra-contractual consequential damages,

attorneys' fees and litigation expenses incurred by Plaintiff as a result of Defendant's

unreasonable, bad faith, and dilatory tactics in an amount to be determined at trial.

4. For such other and further relief as this Court deems just and proper.

Dated: October 30, 2015

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP

By:_____

Charles C. Ritter, Jr.
*Attorneys for Plaintiff*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Telephone: (716) 855-1111

6